**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0606-DOC (JCGx)                     Date:  April 8, 2016

Title: PAUL MERRITT V. HON. ALEX PADILLA

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

|  Dwayne Roberts  |  Not Present  |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):     ORDER DENYING APPLICATION
                                                           FOR TEMPORARY RESTRAINING
                                                           ORDER [10]; DENYING MOTION
                                                           TO DISQUALIFY [11]**

        Before the Court is Plaintiff's Application for a Temporary Restraining Order
("Application"). The Court finds this matter appropriate for resolution without oral
argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed below, the Court
DENIES Plaintiff's Application.

**I.      Background**

        Plaintiff Paul Merritt ("Merritt" or "Plaintiff"), proceeding *pro se*, commenced the
present action on April 1, 2016 by filing a document labeled "Petition [for] Writ of
Mandamus and Prohibition, Extraordinary Writs" ("Petition") (Dkt. 1). Though the
Petition is difficult to follow, the Court assumes for present purposes that Plaintiff is
seeking a writ of mandamus pursuant to California Code of Civil Procedure § 1085.[1]
Plaintiff has named Alex Padilla ("Padilla"), the California Secretary of State, as the sole
Defendant.

---

[1] Indeed, Plaintiff states he is seeking a writ throughout his Petition. *See* Petition at 1 ("Writ to compel publication");
*see id.* at 1 ("Facts supporting the Writ petition."); *see* at 3 ("Argument and basis for Petition Writ").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0606-DOC (JCGx)                    Date: April 8, 2016
                                                         Page 2

As outlined in his Petition, in February 2016, Plaintiff declared his candidacy for California's United States Senate seat. Petition at 1. When filling out the Declaration of Candidacy form, Merritt described his party preference as a "Registered Independent Voter." *Id.* at 2.

After Merritt entered the race, the California Secretary of State issued a Voter Information Guide ("Guide") – a statewide public document that lists all the certified candidates for the upcoming election. *Id.* Merritt's chief complaint is how his party preference is expressed in this Guide; instead of being listed as an "Independent" or a "Registered Independent Voter," the phrase "No Party Preference" appears next to Plaintiff's name. *Id.* at 3. Plaintiff contends that by changing his party designation, the "Secretary of State for California has interfered with [his] political free speech . . . and attempted to derail Merritt's straightforward campaign for U.S.[] Senate Election as an Independent candidate not affiliated with [a]ny political registered [p]arty." *Id.* (internal citations omitted). Merritt includes an exhibit that indicates he attempted to contact the California Secretary of State's office several times; in a letter dated March 23, 2016, for instance, Merritt wrote the following to "J. Curtis" at the Elections Division:

> Today I was told by our O.C. Registrar of Voters that my written and accepted candidacy document has been changed from Independent to No party preference . . . . [T]he word 'No' indicates a State consideration to my candidacy. I reject this as without political or legal authority. The word 'NO' is derogatory and negative and I don't accept it in connection with my candidacy. Please correct and re-publish my designation.

App. Ex. 1 at 10.[2]

In the instant Application, which Plaintiff filed on April 7, 2016, seeks to be formally listed upon the June 2016 election ballot as an Independent, to be described as such inside the ballot, and to have all references to "No Party Preference" in connection to his candidacy stricken from election materials. App. at 4. Merritt references the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution in his Application, *see id.* at 3, but it appears Merritt's claim centers on his free speech and freedom of association rights under the First Amendment, *id.* Merritt also states his due process and equal protection rights have been violated. *Id.*

---

[2] While Plaintiff mentions multiple exhibits in his Petition, he does not clearly separate or label those exhibits. Therefore, the Court will treat all the attached documents as a single exhibit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0606-DOC (JCGx)                                    Date: April 8, 2016
                                                                              Page 3

## II.      Legal Standard

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). As explained by the Ninth Circuit in *Winters*, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotations marks omitted). A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On–Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1421 (9th Cir. 1984).

## III.     Discussion

As an initial matter, Plaintiff failed to comply with the procedural requirements for seeking a Temporary Restraining Order ("TRO"). "A party seeking a temporary restraining order [] must submit an application, a proposed TRO, and a proposed order to show cause why a preliminary injunction should not issue." L.R. 65-1. Here, Plaintiff "did not move for a temporary restraining order or preliminary injunction in this Court through the proper motion papers." *Nguyen v. LaSalle Bank Nat'l Assoc.*, No. SACV 09-0881-DOC (SSx), 2009 WL 3297269, at *3 (C.D. Cal. Oct. 13, 2009). This presents a sufficient basis for denying Plaintiff's request. *See SG Servs. Inc. v. God's Girls Inc.*, No. CV 06-989 AHM (CTx), 2007 WL 2315437, at *1 n.2 (C.D. Cal. May 9, 2007) (noting that "initial ex parte application for a TRO was rejected for failure to comply" with the local rules).[3]

---

[3] Plaintiff's Application may suffer from an additional procedural defect: the lack of proper notice. As far as the Court can tell from the face of the Application, it is unclear whether "plaintiff attempted to give defendant or his counsel actual notice of when and where the ex parte application was to be made." *Turner v. Alatorre*, No. 2:13-CV-05279 CAS, 2014 WL 6682647, at *2 (C.D. Cal. Nov. 25, 2014). As one Court in this District recently found, "Plaintiffs have served Defendants with a copy of the Application, which may have provided city officials with at least constructive notice of its existence. But the Application provides no meaningful opportunity for the City to be 'heard in opposition,' which is the point of ordinarily requiring a properly noticed motion to obtain an injunction." *Int'l Soc'y for Krishna Consciousness of California Inc. v. City of Los Angeles*, No. CV 15-01320 DDP (AGRx), 2015 WL 1004994, at *1 (C.D. Cal. Mar. 6, 2015). The same is true here; while it appears Plaintiff mailed the Application to the general California Secretary of State mailing address, *see* Proof of Service (Dkt. 9), the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0606-DOC (JCGx)                    Date: April 8, 2016
                                                                                Page 4

Procedural problems aside, Plaintiff's Application fails in other respects. First, the Court "cannot yet say that Plaintiffs' facts 'clearly show' that their First Amendment interests would be immediately and irreparably harmed absent a TRO." *Int'l Soc'y*, 2015 WL 1004994, at *2. In several other cases, individuals were "essentially prohibited from exercising their First Amendment rights of association *at all*. Thus, discerning the constitutional injury was relatively straightforward." *Id.* Here, by contrast, it is difficult to comprehend Plaintiff's constitutional injury, and Plaintiff has provided no relevant authority or argument on whether he has suffered an irreparable injury. Second, and related, Plaintiff has neither demonstrated a likelihood success of success nor raised serious questions on the merits of his claims. The Fourth, Fifth, and Sixth Amendments do not appear to have any relevant application here; and Plaintiff has not clearly explained his Fourteenth Amendment due process or equal protection claims.[4] Without a clear articulation or a single case citation with respect to these alleged violations, the Court cannot find Plaintiff has a likelihood of success on the merits.

The same is true regarding Plaintiff's assertions of First Amendment violations. In the context of election regulations, the "Supreme Court [has] developed a balancing test o resolve the tension between . . . First Amendment rights and the state's interest in preserving the fairness and integrity of the voting process." *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1014 (9th Cir. 2002). As explained by the Ninth Circuit,

> When deciding whether a state election law violates First and Fourteenth Amendment speech rights, courts are to 'weigh the character and magnitude of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary. Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling

---

Application does not provide a meaningful opportunity for the Defendant to be "heard in opposition." Because *ex parte* TROs should be issued in "very few circumstances," *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006), this further counsels against granting the Application.

[4] To the extent Plaintiff argues he was treated differently from other candidates as the basis for his equal protection claim, it appears several other candidates were designated as having "No Party Preference." *See* App. Ex. 1 at 4–5. Plaintiff notes in his Petition (but not his Application) that other candidates were listed according to their preferences. *See* Petition at 1 ("Also noted is the demarcation of Candidate Kamala Harris as Democrat . . . although no party is called Democrat, it is commonly known as the Democratic Party."). This does not strike the Court as a meaningful difference, and the Court finds the relevant regulations would likely survive rational basis review. With respect to Plaintiff's due process claim, the Court cannot discern the exact nature of his claim and therefore the Court cannot conclude he has a likelihood of success on the merits of that claim.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0606-DOC (JCGx)                    Date: April 8, 2016
                                                             Page 5

> state interest. Lesser burdens, however, trigger less exacting review,
> and a State's 'important regulatory interests' will usually be enough
> to justify reasonable, nondiscriminatory restrictions.

*Id.* (internal citations omitted) (quoting *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)).

Applying this standard, the Ninth Circuit recently addressed the exact issue in this case. In *Chamness v. Bowen*, the Ninth Circuit considered plaintiff's argument that "the state violated his First Amendment rights by prohibiting him from using the ballot label 'Independent' and forcing him to choose between a preferred party designation, 'No Party Preference,' or a blank space on that part of the ballot." 722 F.3d 1110, 1116 (9th Cir. 2013). The panel held plaintiff failed to demonstrate the California "severely burdened his rights" and upheld "the constitutionality of the statute as reasonably related to furthering the state's important interest in efficiently regulating elections." *Id.* Because Plaintiff's claim appears foreclosed by the *Chamness* decision, the Court finds Plaintiff cannot demonstrate a likelihood of success in this case.

In short, Plaintiff failed to comply with the procedural requirements for seeking a TRO and has not demonstrated he is likely to either succeed on the merits of his claim or suffer an irreparable injury absent immediate relief. Accordingly, the Court DENIES Plaintiff's Application.[5]

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk
CIVIL-GEN

---

[5] Plaintiff also filed a document labeled "Motion to Recuse With Cause Attorney General Kamala Harris and the Office of Attorney General of California" ("Motion to Recuse") (Dkt. 11); the Court construes this as a request to disqualify Kamala Harris and the California Attorney General's Office from representing Defendant in this case. Plaintiff filed the document on April 7, 2016 and noticed a hearing for April 11, 2016. *See id.*

 The Court DENIES the Motion to Recuse. First, Plaintiff has not demonstrated his "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Second, the Motion to Recuse is premature as Defendant's attorney has not yet appeared in the matter. Finally, the Court notes the A.G. "has the duty to defend all cases in which the state or one of its officers is a party." Cal. Gov. Code § 12512; *California Air Resources Bd.*, 21 Cal. App. 4th 289, 295 (1993). In an exceptional case, the Attorney General may recognize a conflict of interest between the duty to represent the public interest and the duty to represent a state agency. "However, unless the Attorney General asserts the existence of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made both a representative of the public interest and as counsel for the state agency or officer." *D'Amico v. Bd of Med. Exam'rs*, 11 Cal.3d at 1, 15 (1974). The Court "finds that the instant case does not present an exceptional case that would require disqualification." *Hamilton v. Hernandez*, No. C 02-5602 SBA (PR), 2008 WL 4287718, at *1 (N.D. Cal. Sept. 17, 2008).