**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0606-DOC (JCGx)          Date: April 14, 2016

Title: PAUL MERRITT V. HON. ALEX PADILLA

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                        None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S MOTION [14]**

     Before the Court is Plaintiff Paul Merritt's Motion for Emergency Status; Motion to Recuse Attorney General; Motion to Abate Art 1 Sec. 3 Violations; Motion for Leave to Shorten Time ("Motion"). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

     Plaintiff Paul Merritt ("Merritt" or "Plaintiff"), proceeding *pro se*, commenced the present action on April 1, 2016 by filing a document labeled "Petition [for] Writ of Mandamus and Prohibition, Extraordinary Writs" ("Petition") (Dkt. 1). On April 7, 2016, Plaintiff filed two documents: the first labeled a Motion for Emergency Priority Case Status / Temporary Restraining Order, and the second labeled Motion to Recuse with Cause Attorney General Kamala Harris and the Office of Attorney General of California, which the Court construed as request to disqualify. The Court denied these two motions on April 8. 2016. *See* Order, April 8, 2016 ("April 8, 2016 Order") (Dkt. 12).

     In the instant Motion, Merritt appears to be asking the Court for the same relief he previously requested. Thus, the Court construes the filing as a request for a Temporary Restraining Order.

     Plaintiff has not demonstrated a likelihood of success on the merits of his claim. As the Court stated in the April 8, 2016 Order, "Plaintiff's claim appears foreclosed by the [Ninth Circuit's] *Chamness* decision." The Court again notes the Ninth Circuit's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0606-DOC (JCGx)　　　　　　　　　　　　　　　　　　Date: April 14, 2016
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

decision in *Chamness v. Bowen*, 722 F.3d 1110, 1116 (9th Cir. 2013) addressed and rejected the claim Plaintiff brings here. Thus, for the reasons provided in the April 8, 2016 Order, the Court DENIES Plaintiff's Motion.[1]

　　　To the extent Plaintiff is requesting reconsideration of the Court's April 8, 2016 Order, that request is denied. Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). In addition to the grounds for relief set forth in clauses (1) through (5), Rule 60 (b)(6) allows the Court to relieve a party from final judgment or order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "Rule 60 (b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

　　　Here, Merritt's Motion fails to establish grounds for relief under 60(b); he has not addressed or stated any valid grounds for reconsideration. Rather, he has simply renewed his earlier request. This plainly does not constitute "extraordinary circumstances" as contemplated by Rule 60(b).

　　　Accordingly, the Court DENIES the Motion.

　　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: djg
CIVIL-GEN

---

[1] The Court notes that it not only rejects Merritt's request for emergency relief, but the other requests included in his Motion. The Motion to Recuse Attorney General was addressed in the prior Order. *See* April 8, 2016 Order at 5 n.5. It does not appear Merritt referenced Article I, Section 3 of the U.S. Constitution in his original Petition, *see* Petition (Dkt. 1), and it is unclear what Merritt is saying with respect to Article I, section; thus, Merrit's "Motion to Abate Art 1 Sec. 3" provides no basis for relief. And the Court does not find a hearing on this matter necessary; thus, Plaintiff's request to shorten the time for hearing is moot.