Gautam Dutta (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
5655 Silver Creek Valley Rd # 900
San Jose, CA  95138
Telephone:  415.236.2048
Email:  Dutta@BusinessandElectionLaw.com
Fax:  213.405.2416

Attorneys for Plaintiff
PAUL MERRITT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PAUL MERRITT, <br><br> *Plaintiff*, <br><br> vs. <br><br> HON. ALEX PADILLA, <br><br> *Defendant*. | CASE NO. 8:16-CV-00606-DOC-JCG <br><br> **PLAINTIFF PAUL MERRITT'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; POINTS AND AUTHORITIES** <br><br> Hearing Date:  Jan. 23, 2017, 8:30 am <br><br> JUDGE:  Hon. David O. Carter |

POINTS AND AUTHORITIES

*Necessarily, then, under the Equal Protection Clause, not to mention the First Amendment itself, government may not grant the use of a forum to people whose views it finds acceptable, but deny use to those wishing to express <u>less favored</u> or more controversial views.*

-- U.S. Supreme Court[1]

## I. Introduction

Last summer, former U.S. Senate candidate Paul Merritt's fundamental rights were irreparably harmed. Instead of publishing his candidate statement verbatim, the Secretary of State censored the heading of Mr. Merritt's statement in the June 2016 Voter Information Guide. Consequently, instead of stating that he was a "Registered Independent voter", the Voter Guide stated that Mr. Merritt had "NO PARTY PREFERENCE" [sic]. As a result, the Secretary of State not only violated Mr. Merritt's fundamental rights under the First Amendment, Equal Protection Clause, and Due Process Clause, but illegally deprived California's voters of critical information necessary to evaluate a candidate for U.S. Senate. Because Mr. Merritt has raised compelling constitutional claims, the Court must deny the Secretary of State's Motion to Dismiss.

## II. Introduction to the Parties

Plaintiff **Paul Merritt** was a candidate for U.S. Senate in California's June 7, 2016 Primary Election. Mr. Merritt is independent of, and not affiliated with, any of the six "ballot qualified" parties whose names are allowed to appear on the California ballot.[2]

Defendant **Alex Padilla,** California's Secretary of State, administers and enforces state law regarding, *inter alia*, statewide elections.[3]

## III. Background

### A. The Secretary of State's Voter Information Guide

The California Voter Information Guide (the "State Voter Guide") is "printed by a

---

[1] *Carey v. Brown*, 447 U.S. 455, 463 (1980) (underlining added) (*quoting Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95-96 (1972)).
[2] Because Mr. Merritt did not place first or second in the Primary Election, he did not advance to the Nov. 8, 2016 General Election under the rules of California's Top Two Primary. *See* CAL. CONST. art. ii §5(a).
[3] Cal. Gov't Code §12172.5.

governmental body and distributed to all registered voters."[4]  Under state law, candidates for U.S. Senate have the right to have their candidate statements published in the State Voter Guide, provided that they (1) pay the required fee, (2) limit their statement to 250 words, and (3) do not "make any reference" to any of their opponents.[5]

Under state law, no part of the unofficial State Voter Guide may be amended unless a voter or the Secretary of State has filed a lawsuit for that purpose during the "public examination" period, when the public may review the unofficial State Voter Guide (i.e., before the final copy of the *official* State Voter Guide is sent to the printers).[6]  For the June 2016 Primary Election, the "public examination" ran from Feb. 23 through Mar. 14, 2016.[7]  A total of 34 candidates qualified to appear on the ballot for the June 7, 2016 Primary Election for U.S. Senate.[8]

B.      Mr. Merritt's Candidate Statement

Mr. Merritt filed his timely candidate statement in Feb. 2016.  The top of his candidate statement contained the following phrase: "Paul Merritt       Independent Registered voter".[9]  Mr. Merritt paid $2,725 to have his candidate statement published in the State Voter Guide.[10]

On Feb. 12, 2016, the Secretary of State's Office confirmed that it had received Mr. Merritt's candidate statement.[11]  Subsequently, no one filed any lawsuit challenging any part of Mr. Merritt's candidate statement during the "public examination" period.[12]

C.      The Secretary of State's Censorship of Mr. Merritt's Candidate Statement

In early March 2016, Mr. Merritt was apprised by the Orange County Registrar's Office that the Secretary of State had censored his candidate statement.[13]  Specifically, instead of stating that he was a "Registered Independent voter", the State Voter Guide was altered to state that Mr.

---

[4] *See Gebert v. Patterson*, 186 Cal.App.3d 868, 874 (Cal.Ct.App. 1986).
[5] Cal. Elections Code §9084(i).
[6] Cal. Elections Code §9092 & Cal. Gov't Code §88006.
[7] July 11, 2016 Motion to Dismiss, at 5:19-5:20.
[8] June 27, 2016 Second Amended Complaint ("2AC"), at p.42 of 55.
[9] 2AC, at p.27 of 55.
[10] 2AC, at p.26 of 55.
[11] 2AC, at p.26 of 55.
[12] 2AC, at p.2 of 55.
[13] 2AC, at p.24 of 55.

Merritt had "NO PARTY PREFERENCE".[14] In response, Mr. Merritt repeatedly tried to contact the Secretary of State's Office – leaving a number of messages with the Secretary of State's Office over a three-week period.[15] After receiving no response, Mr. Merritt formally protested the unauthorized change to his candidate statement, in a letter sent to the Secretary of State's Office on Mar. 23, 2016.[16] Mr. Merritt received no response from the Secretary of State.[17]

Subsequently, the Secretary of State published the official June 7, 2015 State Voter Guide. As RJN Exhibit 2 (p.3) shows, the Secretary of State altered the first line of Mr. Merritt's candidate statement. Instead of identifying him as a "Registered Independent voter", the State Voter Guide identified Mr. Merritt as having "NO PARTY PREFERENCE".

### D. The Secretary of State's Treatment of Other Candidate Statements

In contrast, the Secretary of State allowed other U.S. Senate candidates to express their political beliefs, without censoring their candidate statements. In that regard, Mr. Merritt now proffers additional evidence. As RJN Exhibit 2 shows, the State Voter Guide's candidate statements identified the following candidates by their "REPUBLICAN" party affiliation: Jerry J. Laws (p.1), Duf Sundheim (p.2), Tom Palzer (p.5), Greg Conlon (p.6), Karen Rosenberry (p.6), and Von Hougo (p.7). In addition, the candidate statements of Mr. Sundheim and Mr. Conlon expressly refer to their party affiliation and activity in partisan political organizations. According to their candidate statements, Mr. Sundheim "was Chairman of the California Republican Party", and (2) Mr. Conlon "was the Republican nominee for State Treasurer in 2014".

Similarly, as RJN Exhibit 2 also shows, the State Voter Guide's candidate statements identified the following candidates by their "DEMOCRATIC" party affiliation: Loretta Sanchez (p.2), Massie Monroe (p.3), President (sic) Cristina Grappo (p.4), Herbert G. Peters (p.5), and Kamala D. Harris (p.8). In addition, the candidate statements of Ms. Grappo and Mr. Peters expressly refer to their party affiliation and activity in partisan political organizations. According to their candidate statements, Ms. Grappo "hold[s] a Democratic Party platform", and Mr. Peters

---

[14] 2AC, at p.24 of 55; *see also* Dec. 23, 2016 RJN Exhs. 1 & 2.
[15] 2AC, at p.31 of 55.
[16] 2AC, at p.31 of 55.
[17] 2AC, at p.8 of 55.

is an "Andrew Jackson Democrat."

E. Relevant Procedural History

Mr. Merritt filed this action on Apr. 1, 2016, as a *pro se* litigant. On May 16, 2016, he filed his First Amended Complaint, to which the Secretary of State filed a Motion to Dismiss. On June 21, 2016, the Court granted that motion without prejudice, and ordered Mr. Merritt to file an amended complaint.[18] Subsequently, Mr. Merritt filed his timely Second Amended Complaint ("2AC"). In response, the Secretary of State filed the pending Motion to Dismiss.[19]

Mr. Merritt's counsel of record filed his Notice of Appearance on Sept. 13, 2016.[20]

# LEGAL ANALYSIS

**IV. Legal Standard Governing Motions to Dismiss**

In evaluating a Rule 12(b)(6) Motion to Dismiss, a court must decide "not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to *offer evidence* in support of the claim."[21] In so doing, the district court must accept as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.[22] "Even if the face of the pleadings suggests that the chance of recovery is *remote*, the Court must allow the plaintiff to develop the case at this stage of the proceedings."[23]

If a district court dismisses any part of a complaint, the Ninth Circuit mandates that the plaintiff be "grant[ed] leave to amend even if no request to amend the pleading was made, unless it determines that the pleading *could not possibly be cured* by the allegation of other facts."[24] In addition to alleging additional facts, Mr. Merritt has streamlined his allegations. Namely, Mr. Merritt will only pursue legal claims relating to his claims relating to the Secretary of State's censorship of his candidate statement.[25]

---

[18] Dkt. No. 23.
[19] Dkt. No. 23.
[20] Dkt. No. 26.
[21] *Menjivar v. Trophy Properties IV DE, LLC*, No. C 06-03086 SI, 2006 WL 2884396, at *3 (N.D. Cal. Oct. 10, 2006) (italics added) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).
[22] *See, e.g., Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).
[23] *Menjivar*, *supra*, 2006 WL 2884396, at *3 (italics added) (*citing United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)).
[24] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (italics added).
[25] Mr. Merritt does not contest the Motion to Dismiss with respect to any legal claim not

**V.     Mr. Merritt Has Alleged Sufficient Facts to Support His First Amendment Claim**

At the outset, Mr. Merritt has alleged sufficient facts to support his First Amendment claim for censorship. As California courts have noted, the contents of voter guides "carry *greater weight* in the minds of voters than normal campaign literature."[26] A voter guide "constitutes a limited public forum" as a matter of law.[27] As the Ninth Circuit has explained, a "limited public forum is a sub-category of a designated public forum that refers to a type of nonpublic forum that the government has *intentionally opened* to certain groups or to certain topics."[28] The State may restrict access to a limited public forum provided that "(1) the restriction does not discriminate according to the viewpoint of the speaker, and (2) the restriction is reasonable."[29]

*Viewpoint Discrimination.* Contrary to the Secretary of State's claim, his censorship of Mr. Merritt's candidate statement discriminated on the basis of his viewpoint. In a limited public forum, the State may limit speech only "where the subject matter is *outside* the designated scope of the forum."[30] As the Ninth Circuit explained in *Cogswell v. City of Seattle*, a voter guide provides candidates with a forum on the following subject matter: "to discuss themselves, their qualifications, and their backgrounds."[31] However, if the State excludes any part of a candidate's statement *within* that subject matter because of the candidate's viewpoint, it has engaged in unlawful viewpoint discrimination.[32]

Here, the State discriminated against Mr. Merritt's viewpoint as a "Registered Independent voter". Contrary to the Secretary of State's claim, Elections Code §13307 does not apply to elections for U.S. Senate (which are partisan), for California courts have expressly held that Section 13307 "governs *local* elections" (which are nonpartisan).[33] However, under the

---

based on the Secretary of State's censorship of his candidate statement.
[26]    *Gebert*, *supra*, 186 Cal.App.3d at 874 (italics added) (*quoting Knoll v. Davidson*, 12 Cal.3d 335, 352 (Cal. 1974)).
[27]    *Cogswell v. City of Seattle*, 347 F.3d 809, 814 (9th Cir. 2003); *see also Kaplan v. County of Los Angeles*, 894 F.2d 1076, 1080 (9th Cir. 1990).
[28]    *Cogswell*, *supra*, 347 F.3d at 814 (italics added) (citations and internal quotations omitted).
[29]    *Id.* at 814 (italics added).
[30]    *Cogswell*, *supra*, 347 F.3d at 815 (italics added).
[31]    *Id.* at 816.
[32]    *Id.* at 815-16.
[33]    *Mejia v. Reed*, 97 Cal.App.4th 277, 295 (Cal.Ct.App. 2002) (italics added); *see also Dean*

statute that *does* apply to U.S. Senate candidates [Elections Code §9084(i)], candidates for U.S. Senate have the right to have their candidate statements published in the State Voter Guide, provided that they (1) pay the required fee, (2) limit their statement to 250 words, and (3) do not "make any reference" to any of their opponents.

It is undisputed that Mr. Merritt complied with all of Section 9084(i)'s requirements. Nevertheless, the Secretary of State deleted the phrase "Registered Independent voter" from Mr. Merritt's candidate statement, even though that phrase encompassed the subject matter permitted in the limited forum: discussion of Mr. Merritt's "background".[34] Accordingly, the Secretary of State violated Mr. Merritt's First Amendment rights by discriminating against him on the basis of his viewpoint.

*Lack of Reasonableness.* As the Ninth Circuit has admonished, the State can justify a restriction as reasonable *only if* that restriction "further[s]" the purpose of the limited forum at issue.[35] As shown earlier, the limited forum here (the State Voter Guide) permits candidates to discuss their "background".[36] By censoring Mr. Merritt's description of his background as a "Registered Independent voter", the Secretary of State frustrated the purpose of the limited forum.

In response, the Secretary of State tries to justify deleting the phrase "Registered Independent voter", on the disingenuous ground that such a phrase would "confuse" voters.[37] That is, while Mr. Merritt sought to be identified in the State Voter Guide as a "Registered Independent voter", the June 7, 2016 *ballot* identified Mr. Merritt with the label of "Party Preference: None".

Yet instead of confusing voters, the phrase "Registered Independent voter" would have provided California voters with critical information regarding Mr. Merritt's political beliefs. Furthermore, as even the Secretary of State himself admits, the State Voter Guide and the ballot

---

*v. Superior Court*, 62 Cal.App.4th 638, 640 (Cal.Ct.App. 1998); Cal. Elections Code 13307(a)(1) ("Each candidate for *nonpartisan* elected office in any *local agency*, including any city, county, city and county, or district, may prepare a candidate's statement[.]" (italics added).
[34] See *Cogswell*, *supra*, 347 F.3d at 816.
[35] *Id.* at 817.
[36] See *Cogswell*, *supra*, 347 F.3d at 816.
[37] See July 11, 2016 Motion to Dismiss, at 18:6-18:9.

- 7 - OPPOSITION TO MOTION TO DISMISS

are, from a legal perspective, apples and oranges – not least because unlike the State Voter Guide, "the ballot is *not a forum for speech*[.]"[38] Accordingly, the Secretary of State's censorship of Mr. Merritt's candidate statement was not reasonable as a matter of law.

### VI. Mr. Merritt Has Alleged Sufficient Facts to Support His Equal Protection Claim

Furthermore, Mr. Merritt has alleged sufficient facts to support his Equal Protection Claim. A state official's inequitable enforcement of a state statute triggers strict scrutiny if it implicates fundamental rights, including those protected by the First Amendment and the Equal Protection Clause.[39] To survive strict scrutiny, the state official's action at issue must be narrowly tailored and based on a compelling government interest.[40]

Here, the Secretary of State's enforcement of Section 9084(i) both implicated and violated Mr. Merritt's fundamental rights, for he deleted the phrase "Registered Independent voter" from Mr. Merritt's candidate statement. At the same time, the Secretary of State allowed Mr. Merritt's *competitors* to express their political beliefs and activities. As shown earlier, the State Voter Guide's candidate statements identified the following candidates by their "REPUBLICAN" party affiliation: Jerry J. Laws, Duf Sundheim, Tom Palzer, Greg Conlon, Karen Rosenberry, and Von Hougo. In addition, the candidate statements of Duf Sundheim and Greg Conlon expressly refer to their party affiliation and activity in partisan political organizations. According to their statements, Mr. Sundheim "was Chairman of the California Republican Party", and Mr. Conlon "was the Republican nominee for State Treasurer in 2014".

Similarly, the State Voter Guide's candidate statements identified the following candidates by their "DEMOCRATIC" party affiliation: Loretta Sanchez, Massie Monroe, President (sic) Cristina Grappo, Herbert G. Peters, and Kamala D. Harris. In addition, the candidate statements of Ms. Grappo and Mr. Peters expressly refer to their party affiliation and activity in partisan political organizations. According to their candidate statements, Ms. Grappo "hold[s] a Democratic Party platform", and Mr. Peters is an "Andrew Jackson Democrat."

---

[38] July 11, 2016 Motion to Dismiss, at 14:13-14:14 (italics added) (*citing Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 362-63 (1997).
[39] *E.g., Carey*, *supra*, 447 U.S. at 463, 461-62; *Mosley*, *supra*, 408 U.S. at 95-96.
[40] *E.g., Williams v. Rhodes*, 393 U.S. 23, 31 (1968).

Because he allowed other U.S. Senate candidates to freely state their political beliefs and activities in the State Voter Guide, the Secretary of State's enforcement of Elections Code 9084(i) cannot survive strict scrutiny. Accordingly, the Secretary of State violated Mr. Merritt's right to Equal Protection.

**VII.    Mr. Merritt Has Alleged Sufficient Facts to Support his Due Process Claim**

Finally, Mr. Merritt has alleged sufficient facts to support his procedural Due Process claim. To bring a claim for a violation of the right to procedural Due Process, a plaintiff must allege "(1) a deprivation of a constitutionally protected liberty interest, and (2) a denial of adequate procedural protections."[41] As shown earlier, state law bars any part of the unofficial State Voter Guide from being amended unless a voter or the Secretary of State has filed a lawsuit for that purpose during the "public examination" period, when the public may review the unofficial State Voter Guide.[42]

Here, the Secretary of State deprived Mr. Merritt of a protected liberty interest: his right to have his candidate statement published *in toto*, pursuant to Section 9084(i). The Secretary of State also denied Mr. Merritt "adequate procedural protections", for he deleted a phrase from Mr. Merritt's candidate statement without filing a lawsuit for that purpose during the "public examination" period, let alone notifying Mr. Merritt that his candidate statement had been altered. Accordingly, Mr. Merritt has alleged sufficient facts to support his claim that his right to procedural Due Process was violated.

**VIII.    Conclusion**

*Once a forum is opened up to assembly or speaking by some groups, government may not prohibit others from assembling or speaking on the basis of <u>what they intend to say</u>.*

-- U.S. Supreme Court[43]

Censorship is undemocratic, unconstitutional, and un-American. While it is too late to undo the irreparable harm done to Mr. Merritt, it is not too late to vindicate his fundamental rights

---

[41] *Brewster v. Bd. of Education of Lynwood USD*, 149 F.3d 971, 982 (9th Cir. 1998).
[42] Cal. Elections Code §9092 & Cal. Gov't Code §88006.
[43] *Carey*, *supra*, 447 U.S. at 463 (*quoting Mosley*, *supra*, 408 U.S. at 95-96).

under the First Amendment, Equal Protection Clause, and Due Process Clause. As Mr. Merritt has shown, the Secretary of State has violated his fundamental rights. Accordingly, the Court must deny the Secretary of State's Motion to Dismiss, or in the alternative, give Mr. Merritt leave to amend his complaint.

DATED: Dec. 23, 2016

BUSINESS, ENERGY, AND ELECTION LAW, PC

By: /s/ Gautam Dutta
GAUTAM DUTTA, ESQ.

Attorneys for Plaintiff
PAUL MERRITT